**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISCTRICT OF OKLAHOMA**

| | |
|---|---|
| **FREEDOM MORTGAGE CORPORATION,** | ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) )   Case No. 25-CV-288-DES ) |
| **KENDALL L. SPRINGER, et al.,** | ) ) |
| **Defendants.** | ) |

**OPINION AND ORDER**

This matter comes before the Court on pro se Defendant Kendall L. Springer's (Defendant) Notice of Removal. (Docket No. 2). The Court addresses Defendant's Notice of Removal *sua sponte* because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *1mage Software, Inc. v. Reynolds and Reynolds Co.,* 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 501 (2006); *see also* Fed. R. Civ. P. 12(h)(3) ("If the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). For the reasons explained below, the court REMANDS the case to the District Court of Wagoner County, State of Oklahoma for lack of subject matter jurisdiction.

**I.    Background**

On November 4, 2022, Defendant executed a promissory note in favor of Everett Financial, Inc. d/b/a Supreme Lending, Plaintiff Freedom Mortgage Corporation's predecessor in interest. (Docket No. 2-1 at 5-6). The same day, Defendant also executed a mortgage encumbering the following real property:

>Lot 15, Block 4, EAST VILLAGE, a subdivision of part of the SW/4 of Section 7, Township 18 North, Range 16 East of the Indian Base and Meridian, Wagoner County, State of Oklahoma

(*Id.* at 7-18). After Defendant defaulted on the note and mortgage in March 2024, Plaintiff Freedom Mortgage Corporation filed a Petition to foreclose its mortgage on the real property on April 1, 2025, in the District Court of Wagoner County, State of Oklahoma. (Docket No. 2-20 at 1). According to the records of the District Court of Wagoner County, State of Oklahoma, of which the Court takes judicial notice, Defendant filed a number of pleadings in the District Court, including two Motions to Dismiss for Lack of Subject Matter Jurisdiction, all of which were denied. Moreover, Plaintiff filed a Motion for Summary Judgment which was granted. A sheriff's sale of the real property is scheduled for September 23, 2025, at the Wagoner County Sheriff's Office in the Wagoner County Courthouse.

Defendant filed a Notice of Removal on August 8, 2025, wherein he asserts that removal to federal court is proper because the subject real estate is located within the boundaries of the Muscogee (Creek) and Cherokee Nations as defined in *McGirt v. Oklahoma,* 591 U.S. 984 (2020). Defendant thus claims that this case raises a federal question, giving this Court subject matter jurisdiction over the foreclosure proceedings.

## II. Analysis

### A. The Court has the Authority to Remand a Case *Sua Sponte* for Lack of Subject Matter Jurisdiction.

Because Plaintiffs have not yet objected to Defendant's removal, the court will address its authority to independently raise the jurisdictional issue and remand the case on its own initiative. In every case and at every state of the proceeding, a federal court must satisfy itself as to its own

jurisdiction, even if doing so requires *sua sponte* action. *See City of Albuquerque v. Soto Enters., Inc.,* 864 F.3d 1089, 1093 (10th Cir. 2017) ([T]he district courts have an independent obligation to address their own subject-matter jurisdiction and can dismiss actions *sua sponte* for a lack of subject matter jurisdiction.") (citation omitted)). Likewise, in the removal context, the "'jurisdictional perquisite to removal is an absolute, non-waivable requirement.'" *Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005) (quoting *Brown v. Francis,* 75 F.3d 860, 864 (3d Cir. 1996). Accordingly, absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Based on this authority, the statutory dictates, and the court's obligation to independently assure jurisdiction exists at all stages of the litigation, the court determines it is appropriate to take up this issue *sua sponte.*

### B. The Court Lacks Subject Matter Jurisdiction Over This Case.

"Under 28 U.S.C. § 1441(a), a defendant in a state court civil action may remove the action to federal court if the federal court has original jurisdiction over the action." *Hunt*, 427 F.3d at 726. In other words, removal is reserved for those cases "that originally could have been filed in federal court." *Caterpillar Inc. v. Williams,* 428 U.S. 386, 392 (1987). With some exceptions not relevant here, "original jurisdiction is lacking unless . . . a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Topeka Hous. Auth. v. Johnson,* 404 F.3d 1245, 1247 (10th Cir. 2005) (quotation omitted).

Defendant asserts that the subject real estate is located within the boundaries of the Muscogee (Creek) and Cherokee Nation Reservations and the concept of Indian Country pursuant to *McGirt v. Oklahoma,* 591 U.S. 894 (2020). Because of the reservation/Indian Country status of the land at issue, Defendant asserts that the state court does not have jurisdiction over this

foreclosure action, and that jurisdiction lies exclusively with the federal court. The Court does not agree.

In *McGirt,* the United States Supreme Court held that the Muscogee (Creek) Nation reservation was never disestablished and continues to be "Indian Country" as that term is defined under the Major Crimes Act, 18 U.S.C. § 1151. *McGirt,* 591 U.S. at 913, 934-35. Accordingly, the Court concluded that the State of Oklahoma did not have jurisdiction to prosecute certain crimes committed by an Indian on the reservation. In essence, Defendant is asking the Court to extend *McGirt* to the State of Oklahoma's civil laws. Defendant's reliance on *McGirt* as a basis for federal question jurisdiction in this case is misplaced. While *McGirt* expanded the understanding of the extent of Indian Country under the Major Crimes Act, it did not address the existence of any reservation under civil law. In fact, the Court specifically limited its holding to the narrow issue of criminal jurisdiction under the Major Crimes Act, stating:

> [T]he State worries that our decision will have significant consequences for civil and regulatory law. The only question before us, however, concerns the statutory definition of "Indian country" as it applies to federal criminal law under [the Major Crimes Act], and often nothing requires other civil statutes or regulations to rely on definitions found in the criminal law.

*Id.* at 935; *see also Oklahoma v. Castro-Huerta,* 597 U.S. 629, 633 (2022) (noting that the reservation status recognized in *McGirt* means "that different jurisdictional rules might apply for the prosecution of criminal offenses in that area"). To date, the United States Supreme Court itself has not extended its ruling in *McGirt* beyond the Major Crimes Act and this Court is unwilling to do so. Accordingly, the Court finds no basis to exercise subject matter jurisdiction over this case, which must be remanded.

**IT IS THEREFORE ORDERED** that the Court Clerk will remand this case to the District Court of Wagoner County, State of Oklahoma.

4

DATED this 3rd day of September, 2025.

_____
D. Edward Snow
United States Magistrate Judge